IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PAMELA WHITNEY,<br><br>               Plaintiffs,<br>v.<br><br>AMERICAN BLUE RIBBON HOLDINGS, LLC, a Delaware Limited Liability Company, John Does I – X, XYZ Corporations and/or Limited Liability Companies I – X.,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>Case No. 2:18-cv-278 JNP<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

Plaintiff Pamela Whitney seeks Leave to File an Amended Complaint.[1] Plaintiff seeks to amend the original complaint because "Defendants have modified portions of the property which altered some of the barriers complained of [in the initial complaint]."[2] Plaintiff further argues these changes have created new barriers to access. The court will grant the motion.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by leave of the Court, "and leave shall be freely given when justice so requires."[3] Relevant here, is also the fact that Defendants have not filed any opposition to Plaintiff's motion and the time to do so has passed.[4] "Failure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice."[5] The court notes

---

[1] ECF No. 21.

[2] ECF No. 21, p. 1.

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] DUCivR 7-1(b)(3).

[5] DUCivR 7-1(d).

however that an alleged ADA violation that is remediated may be found moot.[6] The Supreme Court has made clear that an "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation."[7] "A request for prospective relief can be mooted by a defendant's voluntary compliance if the defendant meets the 'formidable burden' of demonstrating that it is 'absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.' Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct."[8] Finally, the court reminds Plaintiff's counsel that Rule 11 sanctions may be warranted if Ms. Whitney lacks an "objectively reasonable basis for any portion of the complaint."[9]

Plaintiff's Motion to Amend is HEREBY GRANTED.

DATED this 22 March 2019.

Brooke C. Wells
United States Magistrate Judge

---

[6] *See e.g., Shelton v. Cafe Rio, Inc.*, No. 1:17-CV-00070, 2017 WL 4402425, at *3 (D. Utah Oct. 2, 2017) ("Because Shelton's only claim was one for injunctive relief under Title III of the ADA, and the requested injunctive relief has been voluntarily complied with, the claim is moot.").

[7] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

[8] *Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190, 120 S. Ct. 693, 709, 145 L. Ed. 2d 610 (2000)).

[9] *Schutts v. Bentley Nevada Corp.*, 966 F. Supp. 1549, 1560 (D. Nev. 1997) (imposing Rule 11 sanctions for an ADA claim that lacked foundation in law).